IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 4:02CR3196** |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **WILLIAM EDWARD STONEROOK,** | ) | |
| Defendant. | ) | |

This matter is before the court on initial review of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence filed by the Defendant, William Edward Stonerook (Filing No. 129).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Stonerook pleaded guilty to Count I of the Indictment charging him with conspiracy to manufacture and attempt to manufacture 50 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846.  The plea agreement stated that Stonerook was responsible beyond a reasonable doubt for at least 50 grams of a substance containing a detectable amount of methamphetamine, and that the weight of "any amount of methamphetamine in excess of 50 grams" was to be determined at a "separate hearing."  (Filing No. 84.)  The PSR reflects a base offense level of 34 based on

305.9 grams actual methamphetamine. (Filing No. 103.) The Defendant did not object to the drug quantity set out in the PSR, although he objected to several other portions of the report. (Filing No. 89, 103.) At sentencing, defense counsel stated that he did not object to drug quantity because "we had reserved that for hearing today." (Filing No. 113 ("TR"), at 113.) The Court proceeded to hold a hearing with respect to both drug quantity and the firearm enhancement. The Court concluded that a conservative estimate resulted in a quantity of more that 240 grams actual methamphetamine and, therefore, base offense level 34 applied. The Court also found that the evidence supported application of the firearm enhancement. (TR, at 137, 138.) The Court sentenced Stonerook to 210 months imprisonment.

In Stonerook's direct appeal, he challenged the quantity and firearm issues. The Eighth Circuit affirmed Stonerook's conviction and sentence, noting that the quantity was "supported by testimony about the number of pseudoephedrine pills and blister packs found in Stonerook's home, and by expert testimony about the potential methamphetamine yield from that amount of pseudoephedrine in a lab of Stonerook's size and method." (Filing No. 125, at 4.) The Eighth Circuit also stated that the firearm enhancement was proper in light of the evidence indicating that firearms were found in Stonerook's bedroom together with methamphetamine, a digital scale, and apparent drug records. (Filing No. 125, at 4.)  The Eighth Circuit also addressed Stonerook's argument that the Court's application of mandatory sentencing guidelines violated his Sixth Amendment rights in light of *United States v. Booker,* 125 S. Ct. 738, 756 (2005):

> Stonerook did not object to the district court's application of mandatory sentencing guidelines or a sentence based on facts neither admitted by the defendant nor proved to a jury beyond a reasonable doubt. Reviewing his

2

>   sentence for plain error, we do not believe there is a "reasonable probability" that Stonerook would have received a more favorable sentence if the district court had sentenced him under the advisory guideline scheme announced in *Booker.* His sentence at the low end of the guidelines range is insufficient to establish such a probability, and we find nothing in the record to indicate that the court would have imposed a more lenient sentence under the advisory guidelines.

(Filing No. 125, at 5 (citations omitted).)

In his § 2255 motion Stonerook argues that counsel provided ineffective assistance by failing to: enforce ¶ 8 of the plea agreement[1]; object to the application of a mandatory sentencing guideline scheme; object to a constructive amendment of the Indictment; and object to purity of the drug quantity. (Filing No. 129.)

## DISCUSSION

To establish ineffective assistance of counsel, defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

In his first claim, Stonerook argues that counsel was ineffective for failing to enforce ¶ 8 of the plea agreement relating to the parties' agreement that the drug quantity exceeded 50 grams of a substance containing methamphetamine and a hearing would be

---

[1]Paragraph 8 regards the parties' agreement regarding drug quantity and a "separate hearing" to determine any quantity exceeding 50 grams of a substance containing methamphetamine. (Filing No. 84.)

3

held with respect to any quantity exceeding 50 grams.  However, defense counsel successfully enforced ¶ 8 of the plea agreement.  At sentencing, defense counsel stated that he had not objected to the drug quantity set out in the PSR because ¶ 8 of the plea agreement entitled Stonerook to a hearing on the issue.  The Court then heard the issue of drug quantity pursuant to counsel's request.  There is no basis to this claim, which is denied.

In his second claim, Stonerook notes that his case was on appeal post-Booker and argues that did not object to being sentenced under mandatory sentencing guidelines. However, as stated above, the Eighth Circuit opined that nothing in the record indicated that his sentence would have been shorter under an advisory guideline system.  (Filing No. 125, at 5.  Therefore, as Stonerook cannot prove the prejudice prong of *Strickland* this claim is denied.

The third claim states that "[t]he sentence reflected a significant increase . . . based on evidence of . . . intent.  However, neither the indictment nor the plea agreement alleged the statutory element of intent."  The basis of this claim is unclear.  Count I of the Indictment included the required element of intent by alleging that Stonerook "willfully and knowingly" committed the alleged crime. (Filing No. 1.) Contrary to Stonerook's assertion, it was not necessary for the plea agreement to include the elements of the offense, including intent.  At the change of plea hearing the Court recited the elements of the offense.  The petition to enter a guilty plea and the plea colloquy indicate that Stonerook understood the elements of the offense and agreed that he was guilty of the charged offense.  The claim is denied.

The final claim argues that counsel was ineffective for failing to object to the purity of the drug quantity. At sentencing, an expert testified in detail as to the basis for his opinion as to drug quantity. (TR, at 98-99.) Defense counsel followed with a thorough cross examination during which he challenged the opinion as it related to purity. (TR, at 100-25.) The objection is denied.

## CONCLUSION

For the reasons discussed, the Defendant's § 2255 motion is summarily denied.

IT IS ORDERED:

1. The Court has completed its initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 129);

2. Upon initial review, the Court summarily dismisses the Defendant's § 2255 motion; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 18th day of December, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge