**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 4:02CR3196 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM AND ORDER** |
| WILLIAM EDWARD STONEROOK, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the defendant, William Stonerook's Motion for a Certificate of Appealability (filing no. 135) in connection with his Notice of Appeal (Filing No. 133). The Defendant appeals from the Memorandum and Order (filing no. 132) in which the Court denied his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 129).

Also before the court is the Memorandum from the Clerk of Court requesting a decision as to whether the defendant may proceed in forma pauperis ("IFP") on appeal (Filing No. 134). The record indicates that the Defendant has previously been determined to be financially unable to obtain an adequate defense in a criminal case. Federal Rule of Appellate Procedure 24(a)(3) provides:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A)   the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>
> (B) a statute provides otherwise.

Therefore, pursuant to Rule 24(a)(3), the petitioner may proceed IFP in this appeal, as the appeal is taken in good faith.

However, before the defendant may appeal the denial of his § 2255 motion, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The defendant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In contrast, if the district court denies a § 2255 motion on procedural grounds without reaching the underlying constitutional claims on the merits, a certificate of appealability should issue under 28 U.S.C. § 2253(c) when the defendant "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the reasons set forth in the memorandum and order denying the defendant's § 2255 motion (Filing No. 132), the Court concludes that the defendant has not made a substantial showing of the denial of a constitutional right and has not shown that this Court's order was debatable or incorrect. Accordingly, a certificate of appealability is denied. However, Federal Rule of Appellate Procedure 22(b) permits the defendant to

request a certificate of appealability from the Court of Appeals, which will review this Court's decision.

    IT IS ORDERED:

    1.    The Defendant may proceed in forma pauperis on appeal;

    2.    The Defendant's Motion for a Certificate of Appealability (Filing No. 135) is denied; and

    3.    The Clerk of this Court shall process this appeal to the Eighth Circuit Court of Appeals.

    DATED this 25th day of January, 2007.

                                    BY THE COURT:

                                    S/Laurie Smith Camp
                                    United States District Judge